CABOT
MANTANONA LLP
BankPacific Building, 2nd Floor
825 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

Attorneys for **Ji Sung Shin aka James Shin**

FILED
DISTRICT COURT OF GUAM

FEB -9 2006

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. **01-00083-002** |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT** |
| JI SUNG SHIN aka JAMES SHIN | |
| Defendant. | |

### MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Attorney for Defendant applies to the Court for an order granting the following relief; withdrawal as counsel for Defendant. Rawlen M T Mantanona Esq. was appointed to represent Defendant in the above-entitled action on January 11, 2006. A situation has arisen that mandates Rawlen M T Mantanona withdrawing as the Defendant's counsel. The defendant's case before the court is part of a long ongoing criminal investigation that has made its way through the courts for approximately eight (8) years. It appears that defendant Shin is one of the last defendant's in this criminal conspiracy to be brought to trial. Defense counsel in this matter has previously represented at least three (3) defendants involved in this criminal conspiracy. All the

ORIGINAL
Case 1:01-cr-00083    Document 57    Filed 02/09/2006    Page 1 of 3

defendants represented by defendant's counsel have plead guilty and had been sentence or have left the jurisdiction. Thus, defense counsel believe there would be no conflict. [1]

On February 7, 2006, defense counsel was advised by the prosecuting attorney assisting U.S. Assistant Attorney Karon Johnson that she intends to call and subpoena one of defense counsel's prior clients, Mr. Tae An to testify in this matter. Assistant U.S. Attorney Karon Johnson asserts Mr. An was defendant Shin's courier.[2] Thus, defense counsel is now put in a position in which two (2) of his clients would be adverse to each other. Defense counsel must now be forced to cross examine defendant An on the matter in which he represented defendant An. Unfortunately, now defense counsel must seek to withdraw to prevent any further ethical conflicts and to allow defendant Shin to receive new counsel and proceed to trial.

## ARGUMENT

Rule 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict in interest. A concurrent conflict of interest exist if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client,

---

[1] Defense counsel because of logistical problems did not receive discovery until February 6, 2006. Defense counsel just priot to the government notification was going to seek a continuance of the motion cut off date and possibly the trial to have time to adequately prepare defendant Shin's defense.

[2] Because defense counsel just got discovery. He did not know the relationship between Shin and former client An.

former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

Representing the defendant in this matter would create a conflict of interest and a violation of Rule 1.7(a) (1) and (2).

## CONCLUSION

Defendant's present counsel respectfully request that said counsel be allowed to withdraw as counsel and that new counsel be appointed.

Dated: 2/9, 2006

CABOT MANTANONA LLP

BY: _____
RAWLEN M T MANTANONA, ESQ.