STEPHEN P. HATTORI
PUBLIC DEFENDER
Public Defender Service Corporation
110 W. O'Brien Drive
Hagatna, Guam 96910
Telephone: (671) 475-3100
Telecopier: (671)477-5844

FILED
DISTRICT COURT OF GUAM
MAR 30 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 01-00083 |
| Plaintiff, | |
| vs. | EX PARTE APPLICATION TO WITHDRAW FROM CASE with MEMORANDUM OF LAW and CERTIFICATE OF SERVICE |
| JI SUNG SHIN a.k.a. JAMES SHIN, | |
| Defendant. | |

EXPARTE APPLICATION TO WITHDRAW FROM CASE

COMES NOW court appointed counsel for Defendant JI SUNG SHIN a.k.a. JAMES SHIN, to move the court pursuant to 18 U.S.C.§3006A(b)and (c) regarding other good cause and Guam Rules of Professional Conduct Rule1.7 (a)(2) regarding conflict of interest, to appoint separate alternative counsel for Defendant JI SUNG SHIN a.k.a. JAMES SHIN other than present counsel for the reasons and on the basis more fully set forth in the following memorandum.

**ORIGINAL**

## MEMORANDUM OF LAW

STATEMENT OF FACTS

Stephen P. Hattori, Assistant Public Defender does hereby respectfully request to be excused from representing Defendant Shin in this court criminal matter. I am currently assigned to assist in the legal representation of a multiple defendant criminal matter in the Superior Court of Guam. The defendant in that case has four felony matters all of which are current. The latest felony case has about five (5) co-defendants. This initial case was dismissed shortly before the scheduled trial date to permit the prosecutor an opportunity to obtain a superseding indictment. The superseding indictment has been issued and the matter is likely to be asserted. The trial in that matter would likely take place in May.

I am concerned that my ability to effectively represent Mr. Shin would be hampered by my current duties to existing clients.

Based on the above, and in the interest of justice, I hereby request to be excused as Defendant Shin's counsel.

DISCUSSION OF LAW

RULE 1.7 CONFLICT OF INTEREST: CURRENT CLIENTS

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists

if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

In this case, there is a significant risk that my representation of Mr. Shin would be materially limited by my existing responsibilities to current client before the Superior Court of Guam. Title 18 U.S.C.§3006A(b) allows the court to appoint new counsel for Defendant Ji Sung Shin.

CONCLUSION The Court should appoint new counsel for Defendant Ji Sung Shin as present counsel is unable to serve under the Rules of Profession Conduct and 18 U.S.C. §3006A(b).

Dated: March 30, 2006.

PUBLIC DEFENDER SERVICE CORPORATION

_____
STEPHEN P. HATTORI
Attorney for Defendant

I, STEPHEN P. HATTORI certify that I caused a copy of the foregoing document her filed to be served on counsel for Plaintiff UNITED STATES OF AMERICA on April 26, 2004, via hand delivery at the following address:

> U.S. Attorney's Office
> District of Guam
> Criminal Division
> 6th Floor Sirena Plaza
> 108 Hernan Cortes Avenue
> Hagatna, Guam 96910

Dated: March 30, 2006

PUBLIC DEFENDER SERVICE CORPORATION

By: _____
STEPHEN P. HATTORI
Attorney for Defendant